**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:18-cv-01478

CAROLYNNE SUE RAAB,

    Plaintiff,

v.

DISH NETWORK, L.L.C.,

    Defendant.

## COMPLAINT

NOW comes CAROLYNNE SUE RAAB ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of DISH NETWORK, L.L.C. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant resides in the District of Colorado and a substantial portion of the events or omissions giving rise to the claims occurred within the District of Colorado.

## PARTIES

4. Plaintiff is a 70 year-old natural "person," as defined by 47 U.S.C. § 153(39).

5. Defendant operates satellite television programming and technology services throughout the United States. Defendant is a limited liability company organized under the laws of the state of Colorado with its principal place of business located at 9601 South Meridian Boulevard, Englewood, Colorado.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all time relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

8. In approximately the summer of 2014, Plaintiff began receiving calls to her cellular phone, (937) XXX-3217, from Defendant.

9. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 3217. Plaintiff is and always has been financially responsible for the cellular phone and its services.

10. Defendant uses several different phone numbers when calling Plaintiff's cellular phone, including but not limited to: (866) 668-8047, (866) 339-5726, and (888) 337-3474. Upon belief, it has used other numbers as well.

11. Upon information and belief, the above referenced phone numbers are regularly utilized by Defendant during its debt collection activities.

12. Upon answering Defendant's phone calls, Plaintiff experienced a recorded message and noticeable pause, lasting a handful of seconds in length, before being connected with a live representative.

13. Upon speaking with one of Defendant's representatives, Plaintiff was notified that it was seeking to collect upon past due payments ("subject debt") said to be owed by Plaintiff.

14. Several years ago, Plaintiff enrolled in Defendant's services; however, Defendant's service were not compatible with Plaintiff's location so Plaintiff cancelled her service and returned Defendant's equipment.

15. After being notified of the nature of the subject debt, Plaintiff informed Defendant that she already returned the equipment and demanded that Defendant stop contacting her cellular phone.

16. Despite Plaintiff's demands, Defendant continued placing phone calls to Plaintiff's cellular phone.

17. Plaintiff has received not less than 50 phone calls from Defendant since demanding that it stop calling.

18. Frustrated with Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

19. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

20. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

21. Plaintiff repeats and realleges paragraphs 1 through 20 as though fully set forth herein.

22. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

23. Defendant used an ATDS in connection with its communications directed towards Plaintiff. The recorded message and noticeable pause, lasting a handful of seconds in length, which Plaintiff experiences during answered calls from Defendant before being connected to a live representative is instructive that an ATDS was being used. Similarly, the frequency and nature of Defendant's calls points to the involvement of an ATDS.

24. Defendant violated the TCPA by placing at least 50 phone calls to Plaintiff's cellular phone using an ATDS without her consent. Any consent Plaintiff may have given to Defendant through enrolling in its services was explicitly revoked by her demands that Defendant cease calling her cellular phone.

25. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

26. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C). Defendant was made aware of Plaintiff's wishes, yet,

in defiance of Plaintiff's demands, Defendant continued to knowingly and intentionally place mass calls to her cellular phone.

WHEREFORE, Plaintiff, CAROLYNNE SUE RAAB, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: June 14, 2018                                     Respectfully submitted,

s/ Nathan C. Volheim                                     s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                         Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                                    Counsel for Plaintiff
Admitted in the District of Colorado                     Admitted in the District of Colorado
Sulaiman Law Group, Ltd.                                 Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200                      2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                                  Lombard, Illinois 60148
(630) 568-3056 (phone)                                   (630) 581-5858 (phone)
(630) 575-8188 (fax)                                     (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                                 thatz@sulaimanlaw.com